WESTERN DIST.
*Sept.* 1837.

BROWNSON, ADMINISTRATOR, ETC. *vs.* BAKER'S CREDITORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARTIN.

BROWNSON,
ADMR., ETC.
*vs.*
BAKER'S CREDS.

The promise to pay interest on a note, enters into the obligation of the contract, and constitutes as much a part of the debt as any portion of the principal sum, and continues to run until payment.

Payment into the hands of an administrator of the proceeds of the property of a succession, will not stop interest, until the money is paid over to the creditor.

The appointment of a curator to a succession, as a vacant estate, fixes conclusively the capacity in which he acted, although, in fact, the estate was not vacant, and the minor heirs were known. His responsibilities will be those attaching to the office of curator, and not those of a tutor, who should have been appointed.

These cases arose on the tableau of distribution of the estate of Isaac L. Baker, deceased, filed by John Brownson, Esq., the administrator. The estate was administered as an insolvent one. The heirs of James Keith, deceased, made opposition to the tableau, on the ground, that their debt against said estate, was evidenced by a promissory note of the deceased, drawing eight per cent. interest, per annum, *until payment,* and that the administrator *only allowed interest to be calculated to the death of Baker,* and refused to allow it until payment.

The opposition was disallowed, and the opponents appealed.

Jane Webb, the widow, and as tutrix of the minor heirs of Captain Alexander Sutherland, deceased, also made opposition to the tableau, on the ground that the heirs were placed thereon, as chirographery creditors, when they should have been recognized as having a legal mortgage on all the estate of said Baker.

The evidence and statement of facts show, that in 1821, Isaac L. Baker applied to the judge of probates for the parish of St. Mary, to be appointed curator of the vacant estate of Captain A. Sutherland, and was appointed; the succes-

WESTERN DIST.
Sept. 1837.

BROWNSON,
ADMR., ETC.,
vs.
BAKER'S CREDS.

sion being styled both in the petition and appointment *a vacant one*, he took the oath and gave security as such curator, accordingly. The opposing creditor contends, that the appointment of Baker should have been made as contemplated by article 1092 of the Louisiana Code, and that the responsibilities of his succession are the same as if he had been appointed a tutor or curator *ad bona*, the heirs being absent and minors. The opposing creditor offered, in evidence, the testimony of Judge Wilkinson, the probate judge, who made the appointment, to show that at the time of the appointment, Baker stated that Captain Sutherland had minor children in New-York, who were his legal heirs; that he was administering the estate for their benefit, and that he considered the estate of Captain Sutherland, vacant, only in consequence of his heirs residing out of the state of Louisiana. This evidence was objected to as illegal and inadmissible.

The object of this opposition was to make Baker responsible as tutor of the minor heirs of Sutherland, under article 1092 of the code, and thereby raise a legal mortgage on his estate in their favor.

The opposition was overruled and the opponent appealed.

*Bowen,* for the opposition of Keith's heirs, contended, that interest continued to run on all debts in which it was stipulated, until final payment. He cited the following authorities. *Code of Practice,* 983, 989. 3 *Louisiana Reports,* 159. 9 *Ibid,* 17, 266.

*Lewis, contra ;* insisted, that interest on debts due by an insolvent estate, was only to be computed up to the time when they respectively became due, at the death of the debtor.

*Simon,* for the opposition of Jane Webb, stated, that Baker was appointed curator to the vacant estate of Sutherland, when before and at the time, both he and the judge of probates, knew that the minor children were living in New-York, so that in fact the estate could not be considered as vacant. *Louisiana Code,* 1088, 1090-1.

WESTERN DIST.
*Sept.* 1837.

BROWNSON,
ADMR., ETC.
*vs.*
BAKER'S CREDS.

2. The proper and only course, was to appoint a tutor to the minor children, and that in fact, Baker was tutor and responsible as such. *Louisiana Code*, 1092.

3. The judge of probates could not change by a different denomination, the responsibilities resulting from the administration of minor's property. The curator should have been named *tutor*. He knew that he was acting for minors, and his acts ought to be considered at least as those of an intermeddler; and had he been appointed tutor, as the law required, or considered an intermeddler, a legal mortgage would have attached to his property, as security for his administration. *Louisiana Code*, 3282–3.

4. Can the minors be deprived of this security, because it pleased the judge of probates to call the administrator *curator of a vacant estate;* and because the person applying for the administration, assumed the same under a different name? the judge and the curator both knew the estate was not vacant. The tutrix for the minors, had no opportunity to oppose the appointment, and it would be unjust to deprive them of their legal recourse on the property of the administrator of their estate, because he chose to apply under a wrong title, and now to have the advantage of his own wrong!

*Bowen* and *Lewis*, for the administrator, objected to the letter of judge Wilkinson, as testimony, because it was contradicting the written proceedings of the Probate Court, appointing Baker curator of the vacant estate of Sutherland.

2. This is an attempt, by the introduction of parole testimony, to change the character of a curator of a vacant estate, to that of a *tutor*, whose duties and responsibilities are entirely different.

3. The judgment of the Probate Court, appointing Baker *curator* of a vacant estate, cannot be attacked in this collateral way. Parole evidence is inadmissible to contradict or to change its effect.

WESTERN DIST.
Sept. 1837.

BROWNSON,
ADMR., ETC.
vs.
BAKER'S CREDS.

*Carleton, J.,* delivered the opinion of the court.

The succession of Isaac L. Baker being insolvent, the creditors met, with the exception of the heirs of James Keith, and agreed that the property should be sold, payable at three instalments, in March, 1831, 1832 and 1833. The proceedings were homologated, and the sale took place accordingly.

The heirs of Keith were creditors of the deceased, in virtue of a promissory note, drawn on 1st November, 1825, payable on 1st March, 1826, bearing eight per cent. interest from the date of its execution.

The administrator filed his tableau of distribution, upon which he had calculated the interest on the sum due the heirs of Keith on the note, up to the period only of the death of the deceased. The heirs made opposition thereto, on the ground that they were entitled to interest subsequent to that period. The court overruled the opposition and confirmed the tableau. From this decree the heirs appealed.

*The promise to pay interest on a note, enters into the obligation of the contract, and constitutes as much a part of the debt as any portion of the principal sum, and continues to run until payment.*

We think the court erred. A promise to pay interest enters into the obligation of the contract, and constitutes as much a part of the debt as any portion of the principal sum; and as long as the debt, or any part of it, remains unpaid, the creditor will have the same right to demand the interest, that he has to claim the debt itself. 3 *Louisiana Reports,* page 159. *Ibid.,* 9, *page* 72 *and* 268.

But defendants' counsel contends, that interest should cease to run from the day each instalment was paid to the administrator, whom he regards as merely the agent of the creditor; and that payment made to the agent is payment to the creditor.

*Payment into the hands of an administrator of the proceeds of the property of a succession, will not stop interest until the money is paid over to the creditor.*

We do not perceive the force of this reasoning. An agent is appointed by his principal, whose will he obeys. The principal may, if he please, come into the immediate possession of whatever his agent receives. Not so of money paid an administrator. He derives his power from the Court of Probates, whose officer he is, and all payments made by him are under the decree of the court, after a course of judicial proceedings, which are often attended with much litigation and delay.

Another question in the cause has been presented for the decision of this court, at the instance of Jane Webb, tutrix of the minor children of Sutherland.

It appears that Baker had been appointed curator to the estate of Sutherland, as a vacant succession. It is, however, contended, in behalf of the tutrix, that instead of *curator*, he should have been appointed *tutor* to the minor children of the deceased, who were in the state of New-York at the period of their father's death, and that the succession could not therefore be vacant, under the provisions of article 1092 of the Louisiana Code; that if he had been appointed tutor, his estate would have been affected by a mortgage in favor of the minors, which mortgage does not exist upon the property of a curator; that notwithstanding he was not appointed tutor, his responsibility was the same, for having interfered in the administration of the property of the minors. *Louisiana Code, article* 3282–3.

To show that the minors were in New-York at the time of the appointment of the curator, and that the succession was not vacant, reliance is had on the testimony of the probate judge, taken, subject to all legal objections.

Without expressing any opinion upon the point raised in this bill of exceptions, we think that the position taken by the counsel for the tutrix, altogether untenable. The appointment of Baker to the curatorship of the succession as a vacant estate, fixed conclusively the capacity in which he acted, and the responsibilities to which he was liable.

We think the Court of Probates erred in disallowing interest on the note due the heirs of Keith, up to the period of final payment, but correctly overruled the opposition of Jane Webb, tutrix of the minors Sutherland.

It is, therefore, ordered, adjudged and decreed, that the tableau of re-partition filed by the defendants, be so amended as to allow the heirs of Keith interest on said note, of eight per cent. per annum, up to the period of final payment; that the judgment of the court, overruling the opposition of Jane Webb, tutrix of the minors Sutherland, be affirmed; that the

WESTERN DIST.
Sept. 1837.

BROWNSON,
ADMR., ETC.
vs.
BAKER'S CREDS.

The appointment of a curator to a succession as a vacant estate, fixes conclusively the capacity in which he acted, although, in fact, the estate was not vacant, and the minor heirs were known. His responsibilities will be those attaching to the office of curator, and not those of a tutor, who should have been appointed.

costs accruing in both courts, on the opposition of the heirs of Keith, be paid by the succession of Baker, and those of the opposition of said tutrix, incurred on the appeal, be ·borne by her.